**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-07-111-PCT-DGC |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Gerald James Brown, ) | |
| ) | |
| Defendant. ) | |

At the close of the Government's case and again at the end of trial, Defendant moved for a judgment of acquittal on all counts. The Court denied the motion on Counts 2, 3, and 5, but reserved decision on Count 1.[1] *See* Fed. R. Crim. P. 29(b). The Court afforded the parties time to file additional memoranda. The Government filed a memorandum on May 21, 2008. Dkt. #81. Defendant filed no additional memorandum.

Count 1 charged Defendant with possession of an unregistered firearm known as a Street Sweeper – a rapid-fire, 12-gauge shotgun – in violation of 26 U.S.C. § 5861(d). To be guilty of violating this statute, Defendant must have been aware of the features that brought the Street Sweeper within the scope of § 5861(d), but "the law does not require the finding that defendant knew the shotgun was illegal[.]" *United States v. Gergen*, 172 F.3d 719, 725 (9th Cir. 1999). In *Rogers v. United States*, 522 U.S. 252 (1998), the Supreme Court held that the *mens rea* element for a violation of § 5861(d) requires the Government

---

[1]The remaining counts of the indictment were dismissed as a result of the Court's ruling on Defendant's motion to suppress. Dkt. #41.

1  to prove that a defendant knew that the item he possessed had the characteristics that brought
2  it within the statutory definition of a firearm, but that it is not "necessary to prove that the
3  defendant knew that his possession was unlawful, or that the firearm was unregistered." *Id.*
4  at 254 (citing *Staples v. United States*, 511 U.S. 600, 609 (1994); *United States v. Freed*, 401
5  U.S. 601 (1971)). *See also United States v. Summers*, 268 F.3d 683, 688 (9th Cir. 2001).

6  In light of this authority, the Court concludes that the jury instruction given on
7  Count 1 was correct. The instruction read as follows:

> The defendant is charged in Count 1 of the indictment with possession of an unregistered firearm in violation of 26 United States Code § 5861(d). In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant knowingly possessed the Street Sweeper charged in Count 1 of the indictment;
>
> Second, the Street Sweeper is a firearm as defined in 26 United States Code § 5845(a)(8);
>
> Third, the defendant knew of the features of the Street Sweeper that brought it within the definition of 26 United States Code § 5845(a)(8);
>
> Fourth, the Street Sweeper was not registered to the defendant in the National Firearms Registration and Transfer Record;
>
> Fifth, the offense occurred in the State of Arizona.
>
> The Street Sweeper is a firearm as defined in 26 United States Code § 5845(a)(8) if it is a "destructive device." A destructive device, in turn, is any type of weapon, other than a shotgun which the Attorney General finds is generally recognized as particularly suitable for sporting purposes, which will expel a projectile by the action of an explosive or other propellant and which has any barrel with a bore of more than one-half inch in diameter.

21 Dkt. #73, Jury Instruction No. 10; *see also* 18 U.S.C. § 921(a)(4)(B); 26 U.S.C. § 5845(f).

22  There was no dispute at trial concerning four of the five elements of this crime – that
23 Defendant knowingly possessed the Street Sweeper, that the Street Sweeper is a firearm as
24 defined in § 5845(a)(8), that the Street Sweeper was not registered to Defendant in the
25 National Firearms Registration and Transfer Record, and that the offense occurred in
26 Arizona. The dispute concerned whether Defendant knew of the features of the Street
27 Sweeper that brought it within the definition of § 5845(a)(8).

28  The Government presented sufficient evidence for the jury to find beyond a

reasonable doubt that Defendant knew of the features of the Street Sweeper that brought it within this definition. The evidence established that Defendant was an avid gun collector and had been all of his life. He had dozens of guns in his possession when his house was searched in this case. Law enforcement officers found the Street Sweeper concealed in an underground chamber below Defendant's underground shooting range, wrapped in clothes and contained in a metal box. The Street Sweeper was admitted into evidence. It is a black 12-gauge shotgun with a folding stock, double hand grips, and a 12-shell drum that rotates rapidly enough for 12 shots to be fired in less than three seconds. It has the appearance of a large machine gun. Expert testimony at trial established that the Street Sweeper was developed in South Africa, that its manufacture in the United States began in 1988, and that it has been subject to federal registration requirements since 2001. Defendant admitted that he knew the Street Sweeper was a shotgun with a bore greater than one-half inch. It was also clear that he understood how the weapon works. Although Defendant testified that it would be possible to use the Street Sweeper for hunting, he stated that it normally would not be used for this purpose.

Given Defendant's extensive familiarity with guns and the clear nature of the Street Sweeper as a rapid-fire, high-powered shotgun that could be fired from double hand grips or from the shoulder, the jury reasonably could have concluded that Defendant knew this was not a weapon that any government agency would find to be particularly suitable for sporting purposes. Defendant admitted he knew of the other relevant characteristic – that the Street Sweeper was a shotgun with a bore of more than one-half inch. *See* 18 U.S.C. § 921(a)(4)(B); 26 U.S.C. § 5845(f). Because the Government presented sufficient evidence to support the jury's verdict on Count 1, Defendant's motion for a judgment of acquittal on that count is denied.

DATED this 27th day of May, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge

- 3 -